MEDINA MUNICIPAL COURT
135 NORTH ELMWOOD AVENUE
MEDINA, OHIO 44256
(330) 723-3287 (330) 225-3047 FAX (330) 225-1108
www.medinamunicipalcourt.org

May 18, 2017
CASE NO. 17CVH01009

JEFFREY M HUNT
18501 EAST RIVER ROAD
COLUMBIA STATION, OH 44028

Plaintiff

v.

SUMMONS - CIVIL CASE

[Civ.R.4]

MONRO MUFFLER BRAKE, INC
4868 LEDGEWOOD RIVE
MEDINA, OH 44256

Defendant

To Defendant MONRO MUFFLER BRAKE, INC
   You have been named a defendant in a complaint filed in the MEDINA MUNICIPAL COURT, 135 North Elmwood Avenue, Medina, Ohio 44256 by JEFFREY M HUNT plaintiff(s).
   A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is
NATALIE GRUBB
ATTORNEY AT LAW
437 LAFAYETTE ROAD SUITE 260-A
MEDINA, OH 44256

   You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three (3) days after the service of a copy of the answer on the plaintiff's attorney.
   If you fail to appear and defend, that is, timely file an Answer or respond as specified by the Ohio Rules of Civil Procedure, judgment by default will be rendered against you for the relief demanded in the Complaint..

NANCY L. ABBOTT
CLERK OF COURTS

By:_____
Deputy Clerk

MONRO MUFFLER BRAKE, INC
4868 LEDGEWOOD RIVE
MEDINA, OH 44256 -

91 7199 9991 7036 0589 4653

SUMMONS1

IN THE MEDINA MUNICIPAL COURT
MEDINA COUNTY, OHIO

**17CVH01009**

| | | |
|---|---|---|
| **JEFFREY M. HUNT**<br>18501 East River Road<br>Columbia Station, OH 44028<br><br>**Plaintiff**<br><br>v.<br><br>**MONRO MUFFLER BRAKE, INC.**<br>4868 Ledgewood Drive<br>Medina, OH 44256<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br><br><br><br><br>COMPLAINT |

FILED
2017 APR 25 PM 1:58
MEDINA MUNICIPAL COURT

Now comes the Plaintiff, Jeffrey M. Hunt ("Mr. Hunt") by and through undersigned counsel, and for his Complaint against Defendant, Monro Muffler Brake, Inc., states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, Mr. Hunt was a resident of the City of Columbia Station, Lorain County, and State of Ohio at the time of this occurrence.

2. Defendant, Monro Muffler Brake, Inc., is a foreign company conducting business in Medina County, Ohio at 4868 Ledgewood Drive, Medina, Ohio 44256.

**STATEMENT OF FACTS**

3. Mr. Hunt is presently employed as a technician by Defendant.

4. A technician's duties include labor and product sales related to servicing a customer's automobile.

5. Defendant employs managers to perform management and administrative tasks, and to otherwise oversee technicians.

6. During Mr. Hunt's employment with Defendant, Paul McMillan and his successor, David

1

Turner, acted as manager of Defendant's Medina location. Alex Brandt served as an "interim manager" (or title otherwise unknown to Plaintiff) after McMillan left and before Turner was employed at the location.

7. Defendant employs a Market Manager to oversee multiple locations of Defendant's business, perform managerial and administrative tasks and to otherwise hire and oversee the managers.

8. During Mr. Hunt's employment with Defendant, Frank Fazio has been the Market Manager.

9. Mr. Hunt, in exchange for his work as a technician, is to be paid an hourly wage by Defendant with additional compensation in the form of commissions and overtime wages as explained to him by his managers and Market Manager.

10. Defendant, by and through the administrative practices of its manager, and as explained to Mr. Hank by his manager and the Market Manager, calculates a technician's commission by applying a percentage to the sale of products or services performed by a technician. That percentage is then owed to the technician as their commission.

11. It is the manager's responsibility to assign a technician to a job for the purpose of paying a commission to the technician for their sales and/or service.

12. As expressly written in Defendant's employee handbook, overtime wages of one and one-half the regular hourly wage of a technician are to be paid by Defendant for any hours worked by a technician that exceed 40 cumulative hours for the working week, as determined in the normal course of business.

13. By and through the administrative practices of its manager, Defendant determines overtime wages by tracking the hours a technician begins and ends his work each day. This is a manual practice performed by each technician and reviewed by the Manager known as

"Clocking in" and "Clocking out". A manager may assess a 'break' to a technician's time—limiting his daily time worked by one-half hour when applicable.

14. Ohio Revised Code §4111.03, Ohio Revised Code §4111.10, and the Fair Labor Standards Act (29 U.S.C.S §201 *et seq.*) provide that an employer is required to pay employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one working week, unless the employee is exempt.

15. Mr. Hunt is now, and has been for the duration of his employment with Defendant, a non-exempt employee for the purpose of Ohio Revised Code §4111.03, Ohio Revised Code §4111.10, and the Fair Labor Standards Act (29 U.S.C.S §201 *et seq.*) and, therefore, is entitled to overtime wages when applicable under the law.

16. During the period of time ranging from on or around September of 2016 to present day, Mr. Hunt noticed deficiencies in his pay regarding commissions and overtime.

17. Deficiencies to Mr. Hunt's pay regarding commissions and overtime are evident upon review of time entries, paystubs, time sheets, work orders, sales records, and all other information recorded, maintained, or otherwise held by Defendant, its employees or Mr. Hunt.

18. The records referenced in paragraph 18 show Plaintiff's "clock-in" and "clock-out" times were knowingly and willingly altered by the Defendant, by and through its manager, resulting in an overtime deficiency in Mr. Hunt's pay.

19. The records referenced in paragraph 18 show Mr. Hunt's properly earned commissions were knowingly and willingly withheld by Defendant.

20. Sometime prior to January 17, 2017, Mr. Hunt notified Defendant of the deficiencies in his pay, by and through Human Resources representative, Anthony Rizzo, who was to

investigate his claims.

21. Since January 17, 2017, despite numerous attempts by Plaintiff, he has not received any conclusions from any alleged investigation regarding this matter by Defendant as of the time this complaint was filed.

22. From on or around September 16, 2016, to on or around March 31, 2017, Defendant has not paid Mr. Hunt $5,498.94 in earned commissions.

23. From on or around September 16, 2016, to on or around January 31, 2017, Defendant has not paid Mr. Hunt $283.50 in overtime wages.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff incorporates herein as if fully written each and every allegation contained in paragraphs 1 through 23.

25. Plaintiff has performed all duties, promises, and obligations required of Plaintiff and any and all conditions precedent to the receipt of commissions and overtime wages with Defendant described in paragraphs 9 through 13 herein.

26. Defendant has failed and refused, and continues to fail and refuse, to compensate Plaintiff for overtime wages and commissions, as described in paragraphs 9 through 13,

27. Defendant's past and continued failure and refusal to compensate Plaintiff for the monetary sums under the agreements described in paragraphs 9 through 13, constitutes a breach of contract.

28. By virtue of defendant's breach of contract, Mr. Hunt is entitled to an amount in excess of $5,782.00 in compensatory damages to be determined at trial.

## COUNT II – FAILURE TO PAY OVERTIME WAGES

29. Plaintiff incorporates herein as if fully written each and every allegation contained in

paragraphs 1 through 28.

30. Mr. Hunt has been directly and proximately damaged as a result of the unlawful and willful misconduct of the Defendant in an amount in excess of $283.50 to be proven at trial.

31. As a direct result of the willful violation of O.R.C. §4111.03, O.R.C. §4111.10, the Fair Labor Standards Act (29 U.S.C.S. §201 et seq.), and O.R.C. §4111.14, Mr. Hunt is entitled to actual damages in excess of $283.50, in overtime wages withheld by Defendant as of January 30, 2017 which continues to accrue. Additionally, Mr. Hunt is entitled to statutory damages that amount to two (2) times the actual damages, in excess of $567.00, plus reasonable costs, attorney fees, and other punitive damages in an amount sufficient to punish and deter Defendant's unlawful conduct in the future.

## COUNT III – UNJUST ENRICHMENT

32. Plaintiff incorporates herein as if fully rewritten each and every allegation contained in paragraphs 1 through 31.

33. Mr. Hunt conferred a benefit upon Defendants by working overtime hours, above and beyond the requirement of his full time employment, so that Defendant could operate its Medina location as needed.

34. Defendant was at all times aware of the benefit being conferred by Mr. Hunt as it approved the overtime hours Mr. Hunt worked.

35. Defendant retained the benefit of reduced labor costs by not paying Mr. Hunt the overtime wages he is owed.

36. Mr. Hunt conferred a benefit upon Defendant by performing sales and service duties while Defendant withheld payment for agreed upon commissions as described in paragraphs 9-14.

37. Defendant was at all times aware of the benefit being conferred by Mr. Hunt as a result of

withholding his commissions as described in paragraphs 9-14.

38. Defendant retained the benefit of withholding commissions as described in paragraphs 9-14.

39. Defendant has been unjustly enrichment at the expense of Plaintiff and Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

## COUNT IV – PROMISSORY ESTOPPEL

40. Plaintiff incorporates herein as if fully rewritten each and every allegation contained in paragraphs 1 through 39.

41. Defendant's promise to pay Plaintiff wages, overtime, and commissions was clear and unambiguous.

42. As alleged above, Defendant has breached a promise.

43. Plaintiff relied on Defendant's promises regarding his wages, overtime, and commission income.

44. Plaintiff's reliance was reasonable and foreseeable.

45. As a direct and proximate result of Defendant's acts as alleged above, Plaintiff has been damaged in an amount to be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against the Defendant, Monro Muffler Brake, Inc. for a sum that will fully, fairly, and adequately compensate Plaintiff for his damages, including, but not limited to, back wages, compensatory damages, prejudgment and post-judgment interest, attorney fees and other costs incurred during the litigation of this action, and punitive damage in an amount sufficient to punish and deter Defendant's unlawful conduct in the future.

Respectfully submitted,

GRUBB & ASSOCIATES, LPA

*[signature]*

Natalie F. Grubb (0062596)
Mark E. Owens (0068335)
Matthew M. Stanley (0090097)
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256
Ph: (330) 725-7252
Fax: (330) 723-1095
E-Mail: officemgr@grubbandassoc.com
*Attorneys for Plaintiff*

# DOCKET
### ~ CIVIL CASE 17CVH01009

Return to Search Results    New Lookup

[Summary] [Status] [Docket] [Judgment] [Plaintiff] [Defendant]

| Date | Remarks |
|---|---|
| 04/25/2017 | CF - COMPLAINT FILED, 4/25/2017, |
| 04/25/2017 | Cash ReceiptDate: 4/25/2017MIC: CFAmount: $83.00Received From: GRUBB, NATALIEBatch: 38698Accounting Year: 2017Receipt Number: 10559952 |
| 05/18/2017 | SICM - SUMMONS ISSUED BY CERT. MAIL, 5/18/2017, |
| 06/12/2017 | NOTICE OF SUBSTITUTION COUNSEL |

CMI
a Civica Group company

Authority Web Connect © 2017
5.0.35
Creative Microsystems Inc.
www.civicacmi.com