IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY HUNT, | ) | Case No.: 1:17 CV 1263 |
| | ) | |
| | ) | JUDGE: DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONRO MUFFLER BRAKE, INC. | ) | **PLAINTIFF'S RESPONSE TO** |
| | ) | **DEFENDANT'S REPLY TO** |
| Defendant. | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT (ECF# 63)** |
| | ) | ***INSTANTER*** |

Defendant continues to misstate the material facts, cite to easily distinguishable authority and ignore the plethora of genuine issues of material fact that preclude summary judgment in favor of Defendant as a matter of law. This Response is filed to specifically point out these fatal flaws in Defendant's Reply and to assist the Court in its analysis of the issues raised on summary judgment by Defendant.

### A. Defendant's Argument on Defamation Is Flawed

First, Defendant claims that there was nothing false in the police report filed against Plaintiff. First, the police report dated July 3, 2017, reports "***late report*** of missing tires from December 2016." (Emphasis added). Second, the only reason the four subject tires were "missing" is because Defendant did not track them properly in its system. The word "missing" implies that the tires were stolen, which they were not. The narrative portion of the police report documents Mr. Murray explaining that Plaintiff advised Defendant that he ordered and signed for

1

the tires at "a manager's request" and installed the tires on a vehicle being serviced in the Medina store.  Therefore, use of the word "missing" is misleading and false, as it clearly and falsely implies that Plaintiff stole the tires.

Moreover, in assuming that it has a qualified privilege because the statements were made in a police report that requires "actual malice" to overcome, Defendant completely ignores the fact that such privilege only applies in the first instance when the statements are made in "**good faith**." *Mosley v. Evans* (Ohio Ct. App., 11th Dist. 1993), 90 Ohio App. 3d 633, 636, 630 N.E.2d 75, 77 (emphasis added).  There are at least genuine issues of material fact to preclude summary judgment as to the issue of good faith based on the following facts set forth in detail in Plaintiff's last brief: (1) Monro's utter failure to question or even consider Turner as being responsible for the tires, despite the undisputed testimony that Plaintiff ordered the tires for Turner at Turner's direction, only signed for them upon arrival because he was the employee available in the store to do so, and Turner had made many errors in selling and entering tires into Defendant's inventory system; (2) Mullen unequivocally testified that there is nothing definitive to establish that Plaintiff took the "missing" tires; and (3) Defendant waited seven months after the "missing" tires were ordered and delivered, to even question Plaintiff about the tires despite Defendant having the same information available to it.

In a footnote, Defendant attempts to justify not speaking with Turner about the "missing" tires or filing a police report against Turner on the basis that Turner's employment with Defendant ended more than three months prior to the audit that uncovered the missing tires. (*Monroe's Reply*, p.4, fn. 1).  However, Defendant knew Turner's address and had the means to contact Turner if it had been serious about investigating the whereabouts of the tires.

The same facts raise at least genuine issues of material fact relative to the issue of actual malice, assuming, *arguendo*, that Defendant can even establish the existence of a qualified privilege.  Furthermore, Defendant ignores the distinguishing facts and law for the cases it previously cited and continues to cite.  For example, Defendant continues to cite to *Atkinson v. Stop-N-Go Foods* (Ohio Ct. App., 2nd. Dist. 1992), 83 Ohio App. 3d 132, 614 N.E.2d 784, despite the fact that it is clearly distinguishable on its facts.  In that case, an independent polygraph examiner concluded that an employee was lying about his responsibility for a large deposit of money that was not received by the defendant's bank.  There is no such strong evidence of dishonesty in this case, as Defendant admits through Mullen's deposition testimony to having no ability to determine what happened to the "missing" tires.

The remaining cases now cited by Defendant are equally inapposite.  In *Evely v. Carlon Co., Div. of Indian Head, Inc.*, 4 Ohio St. 3d 163 (1983), there was no police report.  In addition, that case involved the termination of a plant manager by company officers for just cause after documented managerial deficiencies and conduct not becoming to the employer, including the manager's relationship with and control of immediate employees in his department, and particularly low morale among employees in his particular plant.  See *Id*.  There are no allegations in this case of documented poor job performance by Plaintiff.

*Paramount Supply Co. v. Sherlin Corp.* (Ohio Ct. App., 8th Dist., 1984), 16 Ohio App. 3d 176, 475 N.E.2d 197, is a **commercial contract case involving embargo laws** having nothing to do with employment discrimination or the employment relationship.  The Court found that Paramount and its General Manager "presented ample unrebutted evidence that concerns

3

for their own civil and criminal liability" to prompted their communications with federal customs officers that the plaintiff claimed were defamatory. *Id*. at ¶181. That case is clearly factually distinguishable.

*Snell v. Vill. of Bellville*, 2011 U.S. Dist. LEXIS 126367, 2011 WL 5361120 (N.D. Ohio, October 28, 2011), involved a "Petition for a Domestic Violence Civil Protection Order" filed by the plaintiff's estranged wife. (*Id*. at *1). The plaintiff's wife made a police report regarding certain letters written by the plaintiff to the couple's children in which she alleged she was defamed by the plaintiff, resulting in a finding of probable cause to find a violation of the civil protection order. *Id*. The plaintiff then asserted claims under state tort law for defamation, slander and libel based on statements that were included in the police report. (*Id*. at *26). The plaintiff had "pled guilty to disorderly conduct" based on the same behavior that was described in the police report. (*Id*. at *28). Obviously, the *Snell* case is easily distinguishable from this case on its facts.

In *Franklin v. Miami Univ.* (Ohio Ct. Claims, 2008), 2008-Ohio-7044, 2008 Ohio Misc. LEXIS 297, the trial court did <u>not</u> grant summary judgment on the plaintiff's defamation claim, but found that the claim failed based on the preponderance of the evidence <u>after a trial</u> on liability. Furthermore, three witnesses testified at trial that "their respective statements to the police and other employees of defendant accurately described plaintiff's actions in the incidents of February 12 and 28, 2002." *Id*. at ¶10. Therefore, if anything, the *Franklin* case stands for Plaintiff's position that he is entitled to have his defamation claim heard on the merits at trial, not disposed of on summary judgment in the face of genuine issues of material fact.

**B. The Temporal Proximity Requirement is Met in this Case for Plaintiff's FLSA and Workers' Compensation Retaliation Claims.**

Plaintiff continues to misstate controlling law in arguing that a "span of six months or longer is insufficient to establish causal connection" despite Plaintiff's citation to Sixth Circuit authority in his *Brief in Opposition* establishing the contrary.  See *Harrison v. Metro Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1119 (6th Cir. 1996); see also, *Secherest v. Lear Siegler Servs.*, 2007 U.S. Dist. LEXIS 28004 \*\*16, 2007 WL 1186597 (M.D. TN, April 16, 2007).  Therefore, the temporal proximity requirement is met in this case.

**C. There are Genuine Issues of Material Fact on the Issue of Pretext**

Despite clear deposition testimony to the contrary, Defendant alleges that Plaintiff's market manager treated him no differently after he engaged in protected activity.  Defendant purports to rely on testimony from Plaintiff that Defendant misinterprets to support this incorrect notion. (See *Hunt Dep.*, pp. 101, 104-105).  The cited testimony of Plaintiff merely establishes that Plaintiff asked Frank Fazio for help in the store because the workload was too much both before and after Turner left.  At no place in the cited testimony or elsewhere in Plaintiff's deposition does Plaintiff testify that the attitude changes and treatment toward him that he experienced after he engaged in protected activity was like what he experienced before engaging in the protected activity.

Defendant then misstates the testimony provided regarding the termination of another former employee of Defendant, Jay Dean, for purported missing tires, suggesting that Mr. Dean was terminated after the same audit and investigation.  First, Ed Mullen did not mention Jay Dean anywhere in his deposition.  Second, Mr. Fazio testified that Jay Dean was not associated with the Medina store and provided no details as to his position, time frame for when terminated or reason for termination beyond it purportedly having to do with missing tires.  (See *Fazio Dep.*,

5

pp. 74-77). Furthermore, Mr. Fazio testified that Mr. Dean was "suspended pending investigation" and was not terminated, but "resigned during the investigation." (*Fazio Dep.*, p. 173). He was also the manager of his particular store. (*Id.*). Therefore, Mr. Dean is not a good comparison to Plaintiff and, if anything, evidences that Plaintiff was not treated the same way by Defendant as it had treated other employees when there were issues regarding "missing" tires.

Defendant's citation and analogy of this case to the recent case of *Bailey v. Oakwood Healthcare, Inc.*, 2018 U.S. App. LEXIS 10109 *; 2018 FED App. 0209N (6th Cir., April 23, 2018) is misplaced, as the facts in *Bailey* clearly distinguish that case. In *Bailey*, the Court found that the employee was terminated, at least in part, for poor job performance where the factual basis for performance errors were unrefuted and conceded, such that there could be no inference of discrimination. The employee was a human resources professional who had made material misrepresentations on her resume. *Id*. at *4-5. This was the first legitimate non-discriminatory reason for discharge. *Id*. The second reason was dissatisfaction with job performance, including documented chronic tardiness and at least twelve known performance errors. *Id*. at *6. No such comparable facts exist in this case.

**D. Defendant Misstates the Law as to What "Disabled" or "Regarded As" Disabled Means.**

Defendant relies primarily on a non-binding Fifth Circuit decision, *Benson v. Tyson Foods, Inc.*, 2018 U.S. App. LEXIS 11229 (5th Cir., May 1, 2018), in support of its argument that Plaintiff's work injury would not qualify as a disability or perceived disability under the ADA or Ohio law. In *Benson*, the Court found:

> Benson **acknowledged that she was able to play basketball and work two jobs that required her to stand on her feet**. And Benson **admitted to fictionalizing details in the initial account of her foot injury, thus undermining the credibility of her testimony**. From this evidence, the

> jury could reasonably conclude that she was not disabled. The district court did not abuse its discretion in denying the motion for a new trial.

*Id.* at *2 (emphasis added). The plaintiff's injury in *Benson* was a foot injury, which had totally healed normally and which did not stop her from playing basketball and standing on her feet working two jobs. *Id.*

This case is clearly distinguishable from *Benson*. Plaintiff's injury to his hand and work restrictions imposed by his doctor are undisputed. There is no exaggeration or lack of testimonial credibility relative to Plaintiff's injury.

Nor would a reasonable accommodation have required that Defendant create a new, "light duty" position that did not exist. Plaintiff clearly testified that he could do all functions of his job position except lifting of over ten pounds. He could perform other tasks, such as oil changes, answering the store phone, operating the cash register, retrieving oil and filters, etc. (*Hunt Dep.*, pp. 15, 27, 30).

Once again, Defendant relies upon distinguishable case law, including, *Thompson v. E.I. DuPont deNemours & Co.*, 70 Fed. Appx. 332, 2003 U.S. App. LEXIS 14816 (6th Cir. 2003), to prop up its losing argument. In *Thompson*, the employee who suffered from serious back and hip conditions sought reassignment to another position. The Court held that "in considering reassignment, 'employers are not required to create new jobs, displace existing employees from their positions, or violate other employee's rights under a collective bargaining agreement or other non-discriminatory policy in order to accommodate a disabled individual.'" *Id.* at 336, quoting, *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 257 (6th Cir. 2000). "[A] proposed accommodation through reassignment is not "reasonable" unless the employee can perform the essential functions of the target position, with or without reasonable accommodation." *Id.* In this case, there was no

7

request or need for a "re-assignment" to a vacant position, as Plaintiff could perform the vast majority of the functions of his job with Defendant and had no need to be reassigned.

### E. There Are Genuine Issues of Material Fact as to the Overtime and Commissions Owed to Plaintiff.

Rizzo never reached any conclusions in his investigation of the wage and hour discrepancies reported by Plaintiff prior to Rizzo's departure from Defendant and no conclusions were ever communicated to Plaintiff.  (*Second NLRB Aff.*, ¶16) (*Rizzo Dep.*, p. 22).  Rizzo could not even explain in his deposition how a technician's pay is calculated, including commission. (*Rizzo Dep.*, pp. 22, 28).  Rizzo did, however, concede in his deposition that payroll hours reports and time punches that he examined did, in fact, indicate instances where Plaintiff's time was edited downward by over 14 hours, including 4.5 hours in one case and 3.5 hours in another by Turner. (*Rizzo Dep.*, pp. 84-87, Exh. 22).  Rizzo also confirmed that the same records reflected time edited by Turner to reflect time punches. (*Rizzo Dep.*, pp. 92-93, Exh 22).

In addition, Defendant produced in discovery Payroll Hours Worked Reports for Plaintiff and Brandt containing Rizzo's handwritten notes in which he calculates over 106 hours in overtime for Plaintiff just between November 20, 2016 and January 28, 2017. (*Rizzo Dep.*, Exh. 22).  Therefore, Defendant's argument that Plaintiff has failed to produce any evidence in support of Plaintiff's claim for overtime and commissions is patently false.  There are genuine issues of material fact created by Defendant's own documents that preclude summary judgment as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Defendant has failed to defeat Plaintiff's meritorious arguments in opposition to summary judgment and such relief in favor of Defendant should be denied.

Respectfully submitted,

GRUBB & ASSOCIATES, LPA


*/s/ Mark E. Owens*
Natalie F. Grubb (0062596)
Mark E. Owens (0068335)
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256
Ph: (330) 725-7252
Fax: (330) 723-1095
E-Mail: officemgr@grubbandassoc.com
*Attorneys for Plaintiff*


## CERTIFICATION OF PAGE LIMIT COMPLIANCE

I hereby certify on this 12th day of June, 2018, that Plaintiff Jeffrey Hunt's *Response to Defendant's Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment* does not exceed the twenty (20) page limit set for standard track cases, pursuant to Local Rule 7.1(f).

*/s/ Mark E. Owens*
Mark E. Owens (0068335)
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically transmitted on June 12, 2018, via the Court's CM/ECF system and a notice will be automatically sent to those who are listed on the Court's Electronic Mail Notice List.

*/s/ Mark E. Owens*
Mark E. Owens (0068335)
*Counsel for Plaintiff*